

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN


AUSTIN 11, TEXAS

Honorable A. E. Hickerson
County Attorney
Montgomery County
Conroe, Texas

Dear Mr. Hickerson:

Opinion No. 0-1707
Re: Selection and Designation of
    Depository for San Jacinto
    River Conservation and Reclama-
    tion District.

      We acknowledge receipt of your communication dated November 15, 1939, in which you request the opinion of this department on the following questions which we quote from your letter:

    (1) "Should the authorities of the San Jacinto River Conservation and Reclamation District be required to select a depository for funds, or should they use the same depository as the county and county schools."

    (2) "Is the Commissioners' Court in any way responsible for the selection of this depository."

      In considering the above questions we have carefully read and studied House Bill No. 832, passed by the Forty-fifth Legislature in 1937, creating the San Jacinto River Conservation and Reclamation District under authority of Section 59 of Article 16 of the Constitution of the State of Texas and defining the powers and duties of the said district. We have also read and studied House Bill No. 941 and House Bill No. 1079, passed by the Forty-sixth Legislature in 1939, the same being amendments to House Bill No. 832.

      Neither of the above mentioned acts of the Legislature specifically authorize or require the San Jacinto River Conservation and Reclamation District to select and designate a depository for its funds. It will be noted, however, that Section 6 of House Bill No. 832, Regular Session, Forty-fifth Legislature, after providing for the appointment of a temporary board of directors and the election of officers, requires that:

    "Each of said temporary directors shall take and subscribe to an oath of office, similar to the oath required of County Commissioners, and shall execute bond in the sum of Five Thousand Dollars ($5,000.00) payable to the District, the sufficiency of which bonds shall be determined by the State Board of

Water Engineers, which bond after being recorded in the official bond records of the county in which the district maintains its office shall be deposited with the depository selected and approved for the deposit of the funds of the District."
(Emphasis added.)

It is manifest, we think, from the above that the legislative act creating the San Jacinto River Conservation and Reclamation District and defining its powers and duties contemplated that a depository should be selected and designated for the deposit of the funds of the District and the official bonds of its directors. This, no doubt, would be true even in the absence of the above quoted provision as it has always been the policy of the Legislature to require each political subdivision of the State handling public funds to select and designate a depository for the deposit and safe keeping of its funds, and to require the depository selected to give a good and sufficient bond as security. State Bank of Commerce vs. United States Fidelity & Guaranty Company, 28 S.W. (2d) 184, from which we quote as follows:

"A sound public policy requires that the State should take special security from every one who collects or handles public funds. That rule seems to be an old one in this State, and is applied in all cases without exception."

Section 2 of House Bill No. 832, supra, reads as follows:

"The San Jacinto River Conservation and Reclamation District is created as a governmental agency, a body politic and corporate, vested with all the authority as such under the Constitution and laws of the State; and shall have and be recognized to exercise all of the powers of such governmental agency and body politic and corporate as expressly authorized in the provisions of the Constitution, Section 59 of Article XVI, for Districts created to conserve, control, and utilize to beneficial service the storm and flood waters of rivers and streams of the State, or such powers as may be contemplated and implied by the purposes of this provision of the Constitution, and as may be conferred by General Law, and in the provisions of this Act; and shall have and be recognized to exercise all the rights and powers of an independent governmental agency, body politic and corporate, to formulate any and all plans deemed essential to the operation of the District and for its administration in the control, storing, preservation, and distribution to all useful purposes of the storm and flood waters of the San Jacinto River and its tributary streams; and as such District, shall have and be recognized to exercise such authority and power of control and regulation over such storm and flood waters of the San Jacinto River and its tributaries as may be exercised by the State of Texas, subject to the provisions of the Constitution and the Acts of the Legislature." (Emphasis added.)

It will be noted that Section 6 of said House Bill No. 832 provides that the San Jacinto River Conservation and Reclamation District shall have "all and singular, the powers, duties, functions, and to observe procedures insofar as the same may be applicable and practicable, to accomplish the purposes of this Act, as is provided by Chapter 25 of the General Laws of the Thirty-ninth Legislature, Regular Session, and the several amendments thereof."

It appears, therefore, that the San Jacinto River Conservation and Reclamation District has, in addition to the powers set out in House Bill No. 832, and its amendments, supra, all of the powers set out in Chapter 25 of the General Laws of the Thirty-ninth Legislature, Regular Session (Article 7880), and should follow the procedure therein set out insofar as the same may be applicable and not in conflict with the specific terms and provisions of said House Bill No. 832, and its amendments.

Chapter 25 of the General Laws of the Thirty-ninth Legislature, Regular Session, carried in Vernon's Annotated Civil Statutes as Article 7880, is a very comprehensive statute, containing in excess of one hundred and fifty sections, dealing with water control and improvement districts, in general. Section 113 of Article 7880 provides that a depository shall be selected for such districts by the directors thereof, "in accordance with the provisions of law for the selection of depositories for counties in this State, and the duties of such depository and the bond and securities to be given thereby shall be the same as provided by law for county depositories, except as herein otherwise expressly provided." This Article further requires the depository so selected to furnish a good and sufficient bond to fully protect the district and guarantee the safe keeping of its funds and directs how the funds shall be kept and paid out.

From the above we have concluded that the San Jacinto River Conservation and Reclamation District should select and designate a depository for the safe-keeping of its funds and official bonds, and should not rely on the county depository for this purpose. If this is not done, the funds of the Conservation and Reclamation District will be unprotected, as the county and school depository bond only protects those funds belonging to and deposited in the depository by the respective political subdivisions. Hale County, Texas, et al. vs. American Indemnity Company, et al., 63 Fed. (2d) 275.

Inasmuch as the legislative act creating the San Jacinto River Conservation and Reclamation District gives to the district all and singular the powers, duties and functions set out in Chapter 25 of the General Laws of the Thirty-ninth Legislature, Regular Session, and the several amendments thereto (Article 7880, Revised Civil Statutes of Texas), and charges said district with the duty of observing the procedure provided for in said Act, insofar as the same may be applicable and practicable, it is our opinion that it would be proper for, and the said Conservation and Reclamation District should follow the procedure set out in Chapter 25 of the General Laws of the Thirty-Ninth Legislature, Regular Session, for the selection of a district depository.

Honorable A. E. Hickerson, Page 4 (O-1707)


In answer to your first question, it is the opinion of this department that the directors of the San Jacinto River Conservation and Reclamation District should select and designate a depository for its funds and in so doing should follow the procedure provided for in Article 7880, Section 113, Revised Civil Statutes of Texas, the same being a part of Chapter 25, General Laws, Thirty-ninth Legislature, Regular Session.

In answer to your second question, it is the opinion of this department that the Commissioners' Court is in no way responsible for the selection of the depository for the Conservation and Reclamation District. The duty of selecting the depository rests solely on the directors of the district.

Yours very truly

APPROVED DEC 9, 1939                    ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS            By  /s/ Tom D. Rowell, Jr.
                                         Tom D. Rowell, Jr.
                                              Assistant


TDR:FG:LM


APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN